785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES R. MCKNIGHT Plaintiff-Appellant,
v.
DEWEY SOWDERS, Defendant-Appellee.
 84-5689
 United States Court of Appeals, Sixth Circuit.
 1/27/86
 
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and SUHRHEINRICH, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff James R. McKnight appealed the district court's order which granted summary judgment in favor of defendant and, alternatively, dismissed McKnight's action for failure to prosecute.
 
 
 2
 McKnight was a corrections officer at the Kentucky State Penitentiary, where defendant was the warden. On February 13, 1981, McKnight had two 'trustee type' inmates out of their cells after the afternoon main lockup for the purpose of performing electrical repair work. Defendant was notified that McKnight had not obtained the approval of the acting shift commander to keep the inmates out of their cells after lockup. McKnight admitted having the inmates out of their cells after lockup, but denied that he lacked the requisite approval. Following a thorough investigation, during the course of which McKnight was granted the opportunity to fully address the allegations against him, defendant required that McKnight submit to a polygraph examination. When McKnight refused, he was discharged.
 
 
 3
 Although the termination letter clearly advised McKnight that, as an employee with permanent merit status, he had the option of either replying in writing or requesting an appearance before the appointing authority within ten days, he elected to do neither. Approximately one month later McKnight appealed his dismissal to the Kentucky Personnel Board. On September 2, 1981, the Kentucky Personnel Board approved a suspension of 30 work days and ordered McKnight reinstated to his former position with accrued leave but without back pay. On September 10, 1981, McKnight was allowed to resume his employment.
 
 
 4
 On March 12, 1982, McKnight filed an action in federal district court alleging various violations of his civil rights under 42 U.S.C. Sec. 1983. Sowders thereafter filed a motion to dismiss for failure to state a claim upon which relief could be granted, which motion was subsequently granted. McKnight appealed and a panel of this court reversed, concluding that if the allegations in McKnight's complaint were true, his discharge may have been procedurally improper. The panel therefore remanded the case to the district court to determine if McKnight's discharge comported with due process. McKnight v. Sowders, No. 82-5394 (6th Cir. June 16, 1983) (order).
 
 
 5
 On September 21, 1983, the district court, in accordance with this court's mandate, ordered a trial date. In addition, the court assigned certain discovery deadlines and directed the parties to exchange witness and exhibit lists. On October 13, 1983, defendant filed a motion for summary judgment. McKnight did not respond to the motion. Nor did McKnight submit his list of proposed witnesses and exhibits to defendant as ordered by the court. On November 16, 1983, defendant filed a motion to dismiss based upon McKnight's failure to respond to the summary judgment motion as well as his flagrant violation of the court ordered discovery deadlines and directives. Both motions were subsequently granted by the court. McKnight thereafter filed an untimely motion to alter or amend the judgment which was denied.
 
 
 6
 On appeal, McKnight argues that the district court erred in dismissing his motion for failure to prosecute and granting summary judgment for defendant. It is well-settled that a district court has inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for want of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962). The rationale underlying this grant of power is manifestly clear: a court must have the necessary control to manage its 'own affairs so as to achieve the orderly and expeditious disposition of cases.' Id. at 630-31, 82 S.Ct. at 1389 (footnote omitted).
 
 
 7
 A district court's decision to dismiss for failure to prosecute is reviewed under an abuse of discretion standard. See, Holt v. Pitts, 617 F.2d 558 (6th Cir. 1980). A review of the record plainly discloses that the district court did not abuse its discretion in granting the dismissal. McKnight's dilatory tactics reflect a complete and utter disregard for the district court's orders. Although the court extended McKnight every conceivable opportunity to establish the merits of his case, he steadfastly refused to do so.
 
 
 8
 Further support for this conclusion may be found in McKnight's briefs submitted in support of his instant appeal. McKnight has totally ignored this issue and the remainder of his analysis is cursory at best. Courts should not countenance such contumacious conduct.
 
 
 9
 Since this court concludes that the district court properly dismissed the action for want of prosecution, it need not address the remainder of plaintiff's contentions. Accordingly, the decision of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Hon Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation